Case 2:22-cv-00162   Document 71   Filed on 03/25/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00162 |
| | § | |
| LANETTE LINTHICUM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Jewell Thomas, a Texas inmate appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. He is currently housed at the McConnell Unit in Beeville, Texas. Plaintiff's allegations and claims arise in connection his current housing assignment. On January 30, 2024, the Court entered an Order and Final Judgment dismissing Plaintiff's remaining claims and this action with prejudice and closing this case. (D.E.'s 63 & 64). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's Motion for Leave to Appeal *in forma pauperis* ("IFP") (D.E. 68) be **DENIED**.

I.  **BACKGROUND**

Plaintiff filed this inmate civil rights action on July 19, 2022. He was permitted to proceed IFP. (D.E. 6). In this action, Plaintiff sued the following defendants: (1) Dr. Lanette Linthicum ("Dr. Linthicum"); (2) Dr. Isaac Kwarteng ("Dr. Kwarteng"); (3) former McConnell Unit Warden Jerry Sanchez ("Sanchez"); and (4) TDCJ Director Bobby

Lumpkin ("Lumpkin"). (D.E. 1). Plaintiff asserted claims under the Eighth Amendment, the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12189, and the Rehabilitation Act (RA), 29 U.S.C. §§ 701-797, in connection with his alleged denial of access to the McConnell Unit's diabetic clinic to receive insulin treatments for his Type 2 diabetes. (D.E. 1, pp. 1-8, 17). Plaintiff sought monetary relief in the form of compensatory and punitive damages totaling $250,000 as well as injunctive relief in the form of obtaining reasonable accommodations to access his insulin on a daily basis. (D.E. 1, p. 17; D.E. 9, p. 37).

After conducting a judicial screening, the Court:

- RETAINED Plaintiff's Eighth Amendment deliberate indifference claims against Dr. Linthicum, Dr. Kwarteng, Sanchez, and Lumpkin in their individual and official capacities;

- RETAINED Plaintiff's ADA and RA claims against Dr. Linthicum, Dr. Kwarteng, Sanchez, and Lumpkin in their official capacities;

- DISMISSED without prejudice Plaintiff's § 1983 claims for money damages against Dr. Linthicum, Dr. Kwarteng, Sanchez, and Lumpkin in their official capacities as barred by the Eleventh Amendment; and

- DISMISSED with prejudice Plaintiff's ADA/RA claims against Dr. Linthicum, Dr. Kwarteng, Sanchez, and Lumpkin in their individual capacities as frivolous and/or for failure to state a claim for relief.

(D.E.'s 11 & 17).

On April 28, 2023, Dr. Kwarteng, Dr. Linthicum, Sanchez, and Lumpkin (collectively "Defendants") filed their Motion for Summary Judgment seeking dismissal of the retained Eighth Amendment, ADA, and RA claims. (D.E. 35). On January 30, 2024,

District Judge Nelva Gonzales Ramos granted the summary judgment motion in its entirety, dismissed the retained claims, and dismissed this action with prejudice. (D.E. 63). That same day, the Court entered its Final Judgment. (D.E. 64).

On March 13, 2024, the Court received Plaintiff's Notice of Appeal (D.E. 67) and his Motion for Leave to Appeal IFP (D.E. 68), each dated February 27, 2024.

## II.     DISCUSSION

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g).  The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals IFP.  28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir.1998) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir.1996).  The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

Plaintiff seeks leave to proceed IFP on appeal.  (D.E. 68).  Plaintiff, however, has had five prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  *See Thomas v. Sanchez*, No. 2:22-cv-129 (S.D. Tex. Nov. 17, 2022) (order of dismissal assessing strike); *Thomas v. Carter*, No. 2:22-cv-133 (S.D. Tex. Oct. 31, 2022) (order of dismissal assessing strike); *Thomas v. Trevino*, No. 2:22-cv-157 (S.D. Tex. Dec. 15, 2022) (order of dismissal assessing strike); *Thomas v. Samuel*, No.

2:22-cv-158 (S.D. Tex. Feb. 3, 2023) (order of dismissal assessing strike); *Thomas v. Sanchez*, No. 2:22-cv-141 (S.D. Tex. Feb. 24, 2023) (order of dismissal assessing strike). Therefore, Plaintiff is barred from proceeding IFP on appeal unless he is in imminent danger of serious physical injury.

This Court must assess whether plaintiff is exposed to imminent danger of serious injury at the time that he filed his motion. *Choyce v. Dominguez,* 160 F.3d 1068, 1071 (5th Cir.1998) (per curiam) (citing *Baños,* 144 F.3d at 884–85). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir.2003) (citation omitted). In addition, the harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir.2003) (per curiam) (citation omitted). Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

The factual background in this case is set forth in: (1) the undersigned's August October 14, 2022 Memorandum and Recommendation to Retain Case and Dismiss Certain Claims Case (D.E. 11); and (2) District Judge Ramos's January 30, 2024 Order granting Defendants' summary judgment motion and dismissing with prejudice the retained claims (D.E. 63). As set forth in the January 30, 2024 Order, the competent summary judgment evidence has demonstrated that:

- Plaintiff does not have a medical condition causing him to be confined to a bed or chair without the use of a wheelchair;

- Plaintiff has been able to walk with a strong and steady gait on multiple occasions in the spring and summer 2022 without signs of pain and distress;

- Plaintiff received numerous accommodations for his physical disabilities – in the form of work and housing restrictions, passes, mobility devices, and compression stockings – to assist him in ambulating around the McConnell Unit, including accessing the diabetes clinic;

- None of the named defendants or any other McConnell Unit official denied him meaningful access to his daily insulin treatment; and

- Plaintiff's inability to access daily insulin injections was due mainly to his refusal to cooperate with security procedures.

(D.E. 63, pp. 21-23, 31-34). There is no indication that he currently is exposed to imminent danger of serious injury in connection with the historic allegations presented by him in this case challenging his lack of access to his daily insulin regime. Plaintiff has lost the privilege of proceeding IFP and has failed to allege that he is in imminent danger of serious physical harm at the time he filed his motion seeking leave to proceed IFP on appeal.

### III. RECOMMENDATION

Plaintiff has lost the privilege of proceeding IFP and has failed to allege he is in imminent danger of serious physical injury. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion for Leave to Appeal IFP (D.E. 68) be **DENIED**.

Respectfully submitted on March 25, 2024.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).