Case 2:22-cv-00162   Document 87   Filed on 09/05/25 in TXSD   Page 1 of 8
United States District Court
Southern District of Texas
**ENTERED**
September 05, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00162 |
| | § | |
| LANETTE LINTHICUM, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff Jewell Thomas's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6). D.E. 79. Plaintiff seeks reconsideration of the Court's Order granting Defendants' motion for summary judgment. D.E. 63. On February 28, 2025, United States Magistrate Judge Julie K. Hampton issued her "Memorandum and Recommendation to Deny Plaintiff's Motion for Reconsideration." M&R, D.E. 81. Plaintiff filed his objections (D.E. 86) on April 21, 2025.[1] The Court considers each of the objections in turn.

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections must

---

[1] Plaintiff was granted an extension of time to file his objections, which were due by April 16, 2025. The prison mailbox rule—under which a pro se petitioner's notice of appeal is "deemed 'filed' at the moment it is delivered to prison authorities for forwarding to the district court"—also applies to objections to an M&R. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006); *see Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993) (applying the prison mailbox rule to filing objections to an M&R). The envelope containing Plaintiff's objections is not postmarked, and it is not clear whether the objections were timely. Nonetheless, the Court will consider them as timely filed.

1

specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (discussing pro se petitioner's objections to M&R), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

Plaintiff seeks reconsideration under Rule 60(b)(6). Often referred to as the "catchall" provision, it allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60; *see BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1619 (2025). The Supreme Court has consistently held that relief under Rule 60(b)(6) is available only for "extraordinary circumstances." *BLOM*, 145 S. Ct. at 1620 (collecting cases). Rule 60(b) "is an uncommon means for relief," and must be "'liberally construed in order to do substantial justice' but at the same time, 'final judgments should [not] be lightly reopened.'" *Lowry Dev., L.L.C. v. Groves & Assocs. Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012) (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. Unit A Jan. 1981)).

1. **Lack of Response to Summary Judgment Motion**

Plaintiff failed to file a response to the motion for summary judgment. D.E. 63, p. 3. Plaintiff claims that he mailed a response to the summary judgment motion before the motion was decided. D.E. 86, pp. 3-4. The Magistrate Judge found this claim to be

2

conclusory, as Plaintiff did not provide any documents or evidence that he placed his response in the prison mailbox. D.E. 81, p. 7 n.2.

Plaintiff objects, rearguing that he mailed or placed his response in the prison mailbox on October 20, 2023. D.E. 86, p. 2. He states he did not learn that the Court had not received his response until after the final judgment was entered and he received a copy. *Id*. He then requested a copy of the Court's docket entries and discovered that his response was never docketed. *Id*. at 2-3; *see* 86-1, pp. 10-17. Plaintiff states he made informal inquiries to the prison mailroom staff as to the whereabouts of his correspondence and did not receive a response. D.E. 86, p. 3. He then filed a Step 1 grievance. *Id*. In support, Plaintiff now offers an exhibit with Step 1 and Step 2 grievance forms, which the Court will accept. D.E. 86-1, pp. 1-5. In the Step 1 grievance dated March 8, 2024, Plaintiff requested "an explanation for the loss of [the] legal mail" he placed in the prison mailbox the week of October 23, 2023. D.E. 86-1, p. 3. The assistant warden's response was: "After obtaining and reviewing statement from staff, it was verified that your mail went out to USPS on 10/24/23 and on 10/26/23." *Id*.

Despite Plaintiff's contentions, the assistant warden's response is insufficient to show that Plaintiff timely sent his summary judgment response. The assistant warden does not state that the items placed in the mail pertained to this case, or even that these were documents mailed to the Court. It only states that two unspecified pieces of mail were sent out on the days listed.[2]

---

[2] On September 11, 2023, the Magistrate Judge set a deadline for Plaintiff to file his summary judgment response by October 10, 2023. D.E. 52, p. 2, 6. While Plaintiff acknowledges this deadline in his motion to reconsider (D.E. 79, p. 3), he claims he mailed his response on or about October 20, 2023, well after the deadline. *See* D.E. 86, p. 3.

3

Even if the summary judgment response had been timely filed, the response would not have changed the outcome of the Court's ruling. In his objections, Plaintiff states that his response included an argument "that facts were unavailable" to Plaintiff so he requested the Court to defer considering the summary judgment motion or to deny it because he did not have enough discovery to respond at the time. D.E. 86, p. 2. Defendants had provided medical exhibits (D.E. 27, 27-1–27-29) in response to Plaintiff's discovery request (D.E. 48, 48-1, 48-3). And Plaintiff was allowed to file an amended motion to compel discovery specifying any additional discovery issues in dispute (*see* D.E. 40, 42, 52). However, he failed to follow the Magistrate Judge's instructions for compelling additional discovery.

Plaintiff states he believed that the deadline to respond to the summary judgment motion would be stayed until the discovery dispute was addressed. D.E. 86, p. 5. Defendants filed their summary judgment motion on April 28, 2023. D.E. 35. The Magistrate Judge, in an effort to give Plaintiff time to address discovery issues, stayed Plaintiff's deadline to file a response "until [the] discovery matter [was] resolved." D.E. 40. On September 11, 2023, the Magistrate Judge denied Plaintiff's Renewed Motion to Compel Discovery, resolving the discovery issue, and set the deadline for Plaintiff to file his response to the summary judgment motion on October 10, 2023. *See* D.E. 52, p. 6. At this point, the discovery disputes had been addressed by the Magistrate Judge and a deadline had been set for the response.

Regardless of the lack of a response, the Court considered the summary judgment motion on its merits. The Court applied the summary judgment standard, and granted the

motion after considering the relevant evidence from both parties—including Plaintiff's sworn statements and Defendants' evidence (*see* D.E. 63, pp. 3-4).

Therefore, Plaintiff's arguments regarding his response do not support an "extraordinary circumstance" to grant relief under Rule 60(b)(6). Plaintiff's objection is **OVERRULED**.

 2. **Lack of Ten-Day Notice**

Plaintiff objects that the entry of summary judgment was improper because he did not receive ten-days' notice before the Court entered the summary judgment order. The Magistrate Judge found that the ten-day notice was not required as summary judgment was not granted sua sponte and Plaintiff had the opportunity to file his response. D.E. 81, p. 7. The Magistrate Judge correctly stated that such notice only applies to sua sponte grants of summary judgment. *Molina v. Home Depot USA, Inc.,* 20 F.4th 166, 169 (5th Cir. 2021) ("A district court may not grant summary judgment sua sponte without giving the parties ten days' notice."). Here, the Court did not grant summary judgment sua sponte; it granted summary judgment on motion from Defendants (*see* D.E. 35, Defendant's summary judgment motion). Thus, this notice requirement does not apply and Plaintiff's objection is **OVERRULED**.

 3. **Objections Regarding Discovery**

**Meaningful discovery**. Plaintiff objects that he was denied meaningful discovery. D.E. 86, pp. 3-6. The Magistrate Judge found that Plaintiff was given ample opportunity to identify specific discovery disputes—which he failed to do—and he was not left "empty handed" because he was provided thousands of pages of discovery. D.E. 81, pp. 9-10. The

5

Magistrate Judge further found that this discovery issue did not present sufficient "extraordinary circumstances" to support relief under Rule 60(b)(6). *Id.* at p. 10.

Plaintiff argues that Defendants intentionally failed to provide proper discovery and did not respond to his request beyond stating that the discovery request was "overly broad and burdensome or oppressive." D.E. 86, pp. 3-4. He states that the "Magistrate seems to believe that the Defendants are sincere in their submissions with respect to Discovery to inmate Plaintiff's litigation. But, Defendants routinely 'cherry pick' inculpatory evidence, thus leaving Plaintiffs empty handed with-out meaningful discovery." *Id.* at p. 6.

Plaintiff was given sufficient opportunity to conduct discovery and to file motions to compel discovery stating the specific discovery issues in dispute. *See* D.E. 40, 42, 52. Plaintiff acknowledged that he "overlooked the magistrate's instructions." D.E. 79, p. 22. As stated above, the Magistrate Judge stayed the deadline to file a response to the summary judgment to give Plaintiff time to file a proper motion to compel. *See* D.E. 40. He failed to do so. Plaintiff's objection addresses a discovery dispute he failed to pursue, and a Rule 60(b)(6) motion is not the proper means to re-urge the issue. The objection is **OVERRULED**.

**Discovery Hearing**. The M&R details that the Magistrate Judge denied Plaintiff's July 24, 2023 motion to compel discovery and hearing request because Plaintiff failed to identify a specific discovery dispute. D.E. 81, p. 4. Plaintiff objects to the lack of a hearing on his motion to compel discovery, stating that he requested a hearing because he had received "no help" with his previous motions to compel. D.E. 86, p. 4.

6

Plaintiff had the opportunity to object to the Magistrate Judge's rulings by filing objections, but he did not do so. A Rule 60(b)(6) motion is not the way to correct his inaction. *See Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (quoting *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350 (5th Cir.1993)) ("Rule 60(b) . . . will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made.'"). Plaintiff's objections regarding discovery are **OVERRULED**.

4. **Objections Regarding Summary Judgment Evidence**

Regarding Plaintiff's arguments that the Court, in granting summary judgment, failed to accept his version of the facts as true, impermissibly weighed the evidence, and used medical records to dispute his testimony, the Magistrate Judge found that Plaintiff seeks to relitigate his previously dismissed claims, and a Rule 60(b)(6) motion is not the means to rehash evidence or arguments that could have been previously presented. D.E. 81, pp. 7-8. Plaintiff objects, stating that Defendants asked the Court to "credit [Defendants'] medical record evidence instead of the Plaintiff(s) testimonial evidence." D.E. 86, p. 7. He states that a trial court's function at the summary judgment stage is not to weigh the evidence, but instead to determine whether there is a genuine issue for trial. *Id*.

These objections simply re-urge the arguments in Plaintiff's motion for reconsideration, where he argued that there are genuine issues of material fact that should have precluded summary judgment and challenged the Court's proper application of the summary judgment standards to his claims. D.E. 79, pp. 7-20. Plaintiff fails to point out with particularity any alleged error in the Magistrate Judge's analysis. *See* Fed. R. Civ. P. 72(b)(2); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de

7

novo review is not invoked when a petitioner merely re-urges arguments). Thus, these objections are improper.

Regardless, the Magistrate Judge correctly found that "Plaintiff is not entitled to relitigate his claims against Defendants—as he is seeking to do here—through his Rule 60(b)(6) motion." D.E. 81, pp. 8-9. Plaintiff's objection regarding the Court's consideration of the summary judgment evidence is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's memorandum and recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's memorandum and recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections (D.E. 86), **ADOPTS** as its own the findings and conclusions of the Magistrate Judge (D.E. 81), and **DENIES** Plaintiff's motion for reconsideration (D.E. 79).

**ORDERED** on September 5, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE